UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STAR NORTHWEST, INC., d/b/a KENMORE LANES and 11th FRAME CASINO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF KENMORE and KENMORE CITY COUNCIL,<br><br>Defendants. | No. C05-2133MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

## I. INTRODUCTION

This matter comes before the court on the ex parte motion of Plaintiff Star Northwest for a temporary restraining order (Dkt. # 2). As outlined below in the court's findings of fact and conclusions of law, the court GRANTS Plaintiff's motion to preserve the status quo and orders the parties to appear on Wesnesday, January 25, 2006, at 9:00 a.m. for a hearing on Defendants' Response to this Court's Order to Show Cause why a Preliminary Injunction should not issue in this matter.

## II. FINDINGS OF FACT

1. Plaintiff is a Washington corporation operating the Kenmore Lanes card room, bowling alley, and restaurant facility in Kenmore, WA.

2. The City of Kenmore ("the City") and the Kenmore City Council ("the Council") are Defendants in this matter. The City is a Washington municipal corporation and the

ORDER - 1

Council is the City's legislative body. Plaintiff alerted Defendants that it was filing a motion for a temporary restraining order in this case, though no evidence has yet been received by the Court that Defendants have been served with the Complaint or the Motion and other pertinent documents in this case.

3. On December 19, 2005, the Council passed Kenmore Municipal Ordinance 05-0237 ("the Ordinance") banning social card rooms in the city of Kenmore. The Ordinance's effective date is December 29, 2005. Plaintiff alleges that enforcement of this Ordinance will result in an immediate closure of the Kenmore Lanes facility.

4. Plaintiff claims that enforcement of this Ordinance would constitute an unlawful taking under the Fifth Amendment and a violation of the Fourteenth Amendment's substantive due process protections. Additionally, Plaintiff alleges that enforcement of the Ordinance would be contrary to Washington law.

5. Plaintiff alleges that it will suffer irreparable harm in the form of loss of community goodwill if it is forced to close. Plaintiff also states that it will be compelled to lay off most of its 220 person workforce, many of whom are longtime employees of Kenmore Lanes and who have irreplaceable institutional knowledge.

6. Plaintiff alleges that the Defendants in this matter will suffer little harm if the status quo is preserved. Conversely, Plaintiff states that they will suffer irreparable harm, as well as significant economic losses if the ordinance is enforced to compel its closure.

### III. CONCLUSIONS OF LAW

1. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983. Plaintiff is claiming injuries under the Fifth and Fourteenth Amendments of the U.S. Constitution, as well as violations of Washington state law.

2. In order to obtain a temporary restraining order, Plaintiffs must meet the standards for issuing a preliminary injunction. <u>Stuhlbarg Int'l Sales</u>, 240 F.3d at 839 n.7 (noting

ORDER - 2

that preliminary injunction and temporary restraining order standards are "substantially identical").

3. In order to obtain a preliminary injunction, Plaintiffs must meet either the Ninth Circuit's "traditional" or "alternative" test. The traditional test requires the court to find that:

> (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

4. The alternative test requires the court to find that: "(1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. (citations omitted).

5. The two prongs of the alternative test are not separate inquiries, but rather "extremes of a single continuum." Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003). A strong showing of hardship means that a plaintiff need not show as strong a likelihood of success, and vice versa. See id.

6. The court's ultimate decision on a motion for preliminary injunction is within its discretion. Cassim, 824 F.2d at 796.

7. Under Fed. R. Civ. P. 65(b), an ex parte temporary restraining order can issue only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
> (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

ORDER - 3

8.  The court finds that the record reveals that Plaintiffs have alerted Defendants telephonically that they intend to seek injunctive relief in this matter, and that those efforts are sufficient to satisfy Fed. R. Civ. P. 65(b)(2).

9.  The court finds that Plaintiff has made out a prima facie case that it will be able to succeed on the merits of at least its 42 U.S.C. §1983 claim that Defendants deprived it of its substantive due process rights under the Fourteenth Amendment to the U.S. Constitution.

9.  The court finds that it is likely that Plaintiff will suffer immediate and irreparable harm in the form of loss of community goodwill if the Ordinance is enforced and Plaintiff is forced to close.

10. The court finds that Defendants will suffer little or no hardship from preserving the status quo ante pending the resolution of Plaintiffs' preliminary injunction motion.  For this reason, the Court finds that the balance of hardships weigh in favor of granting a temporary restraining order against enforcement of the Ordinance in this matter.

### IV.  TEMPORARY RESTRAINING ORDER AND SHOW CAUSE ORDER

Defendants and their representatives and employees are enjoined from enforcing Kenmore Municipal Ordinance 05-0237 pending the preliminary injunction hearing in this matter.

Defendants are ordered to respond to this Court's Order to Show Cause why a Preliminary Injunction should not issue in this matter in writing by the end of the day on Tuesday, January 17, 2006.  Plaintiff may file a written reply no later than the end of the day on January 23, 2006.  Neither Defendant's response, nor Plaintiff's reply shall exceed twelve (12) pages in length.  The preliminary injunction hearing will be held in this matter at 9:00 a.m., January 25, 2006 before Honorable Marsha J. Pechman.  Each side shall have thirty (30) minutes to make its presentation, including rebuttal.

ORDER - 4

This temporary restraining order shall continue in effect until the court issues an order on Plaintiffs' motion for a preliminary injunction.

Plaintiff shall file an undertaking or bond with the court in the sum of $5,000. The above order shall not take effect shall not take effect until Plaintiff files the requisite undertaking or bond with the Court.

Dated this 29th day of December, 2005 at 4:00 p.m.

/s/James L. Robart_____

James L. Robart

United States District Judge

ORDER - 5