UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STAR NORTHWEST, INC., d/b/a KENMORE LANES and 11TH FRAME CASINO,

    Plaintiff(s),

  v.

CITY OF KENMORE, et al.,

    Defendant(s).

NO. C05-2133P

**CORRECTED**
ORDER ON MOTION FOR
SUMMARY JUDGMENT

    This corrected order of summary judgment seeks to redress errors in the Court's original order (Dkt. No. 90) which were brought to light in Plaintiff's Motion for Reconsideration (Dkt. No. 96). On August 10, 2006, the Court held a telephonic conference in which counsel for all parties (Paul Dayton for Plaintiff, Dan Lossing and Jayne Freeman for Defendants) participated. Although Defendants did not respond in writing to Plaintiff's Motion for Reconsideration, agreement with Plaintiff's positions on the two issues presented for reconsideration (first, that Plaintiff's Sixth Cause of Action for refund of gambling tax revenues had not been addressed by the summary judgment motion and therefore survived the Court's ruling on that motion; second, that dismissal of Plaintiff's takings claim for non-ripeness should have been without prejudice) was voiced orally.

    Defendants City of Kenmore and Kenmore City Council sought an order of summary judgment dismissing Plaintiff's claims against them for enacting an ordinance banning the operation of social card rooms within the Kenmore city limits. Having reviewed the briefing, exhibits and declarations of both sides and having heard oral argument on the motion, the Court found that there were no genuine issues of material fact and that Defendants were entitled to judgment as a matter of law. The Court's corrected order on summary judgment shall be entered as follows:

**ORD ON MTN
FOR SUMM JMT - 1**

The Court PARTIALLY GRANTS Defendants' motion for summary judgment and DISMISSES all of Plaintiffs' claims except Plaintiff's Sixth Cause of Action (which was not the subject of Defendants' motion); the dismissed claims shall all be dismissed with prejudice except for Plaintiff's claim that Defendants' action constituted a taking without just compensation, which claim shall be dismissed without prejudice.

## BACKGROUND

By statute (the Washington Gambling Act), the state legislature preempted the fields of gambling licensing and regulation. RCW 9.46.285. The statutory scheme invests a limited authority in the state's counties and cities as regards gambling:

> [A] city. . . may absolutely prohibit, but may not change the scope of license, [*sic*] any and all of the gambling activities for which the license was issued. RCW 9.46.295.

On March 10, 2003, the Kenmore City Council ("the Council") passed an ordinance, No. 03-167, that banned card rooms, but permitted Plaintiffs' operation (the "11th Frame") to remain open under a "grandfather" clause. Def Mtn, Batchelor Decl. at pp. 477-504. In the wake of the decision in <u>Edmonds Shopping Center Assoc. v. City of Edmonds</u>, 117 Wn.App. 344 (2003),[1] King County Superior Court Judge Lukens ruled that Defendants could not selectively permit some gambling establishments and not others, but were required to either permit or ban all gambling.

On December 19, 2005, the Council passed Ordinance 05-0237 ("the Ordinance"), prohibiting social card rooms within the City. Batchelor Decl. at pp. 11-18. The termination of existing operations was to be effective immediately (at the end of December 2005), with no grandfathering or amortization period. Plaintiffs filed this lawsuit, alleging causes of action for regulatory taking, violations of state and federal substantive due process and injuries under §1983. Plaintiffs then filed

---

[1] " Instituting a schedule to phase out existing gambling activities is not absolutely prohibiting gambling activities. . . [D]ifferentiating between existing and future uses is more regulatory in nature, thus violating RCW 9.46.925." <u>Edmonds</u>, 117 Wn.App. at 358.

**ORD ON MTN**
**FOR SUMM JMT - 2**