UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STAR NORTHWEST, INC., et al.,

   Plaintiff(s),

 v.

CITY OF KENMORE, et al.,

   Defendant(s).

NO. C05-2133P

ORDER RE: JURISDICTION OF PLAINTIFF'S SIXTH CAUSE OF ACTION (REFUND OF GAMBLING TAX REVENUES)

The above-entitled Court, having received and reviewed:

1. Plaintiff's Brief Regarding Retaining Jurisdiction of Plaintiff's Sixth Cause of Action: Refund of Illegal Gambling Tax Revenues

2. Defendants' Brief in Support of Dismissal of Plaintiff's Claim for Refund of Gambling Tax Revenues

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Plaintiff's remaining cause of action in this matter will be REMANDED to state court; the Court declines to exercise supplemental jurisdiction on this claim. Because the Court does not retain jurisdiction in this matter, the preliminary injunction in this matter is dissolved. If Plaintiff wishes to pursue an injunction at the state level, it is free to do so.

**Discussion**

In light of the Court's previous ruling on Defendant's motion for summary judgment (Dkt. No. 103), the only cause of action currently remaining in this matter is Plaintiff's "Sixth Cause of Action: Refund of Illegal Gambling Tax Revenues." Complaint, ¶¶ 9.1 - 9.5. The Court requested briefing from both sides on whether supplemental jurisdiction over this state law claim should be exercised.

**ORDER RE:**
**SUPP JURISD - 1**

There is no dispute that the surviving claim – whether the City of Kenmore improperly allocated a portion of their gambling tax revenue to their Capital Facilities Fund – is purely an issue of state law, rendering it a matter of supplemental jurisdiction.  A federal court may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of state law, . . .

(3) the district court has dismissed all claims over which it has original jurisdiction. . .

28 U.S.C. § 1367(c).

The Court finds several factors that mitigate in favor of declining to exercise supplemental jurisdiction and remanding this remaining cause of action back to state court.  The claim is both factually and legally distinct from all the other claims in this case (which concerned the legality of Defendant banning Plaintiff's card room operation as part of a general gambling prohibition). Discovery has not yet occurred on the tax revenue claim, so there is no issue of additionally burdening the parties with repetitive discovery in the new lawsuit.

It appears from the briefing that this claim presents something of a novel issue of state law. The Court is mindful of the Supreme Court's admonition that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Furthermore, as a result of the Court's prior order, the issue of whether Defendant's actions in banning Plaintiff's card room operations constituted a taking must be litigated at the state level.  Since it appears that the parties are headed to state court anyway, the addition of the gambling tax revenue cause of action should not prove burdensome.  And if, as Plaintiff claims, the issue is a purely legal one, there is no reason it cannot be addressed through summary judgment in the state forum.

ORDER RE:
SUPP JURISD - 2

The Court is mindful that there is an injunction currently in place in this matter which has protected the operations of Plaintiff's card room in the face of the City of Kenmore's statutory prohibition. Because the Court is retaining no jurisdiction over this matter, it would be improper for the Court to exercise its authority to maintain an injunction in what is now a state court matter. If the Plaintiff wishes to pursue an injunction, that issue will be most properly addressed by the state court.

**Conclusion**

The Court finds no compelling reason to exercise its discretion to retain supplemental jurisdiction over Plaintiff's remaining cause of action and declines to do so. The claim will be remanded for resolution in state court. The injunction currently in place in this litigation is dissolved. Plaintiff is advised to pursue an injunction in state court, if it finds a continuing injunction to be in its interest.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: September 18, 2006

Marsha J. Pechman
United States District Judge

ORDER RE:
SUPP JURISD - 3