UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STAR NORTHWEST, INC., et al.,

        Plaintiff(s),

  v.

CITY OF KENMORE, et al.,

        Defendant(s).

NO. C05-2133P

ORDER RE: PLAINTIFF'S MOTION FOR CLARIFICATION OF STATUS OF STIPULATED PRELIMINARY INJUNCTION OR TO RESTORE INJUNCTION PENDING APPEAL

    This matter comes before the Court on Plaintiff Star Northwest's Motion to clarify the status of the parties' stipulated injunction in this matter or to restore the injunction maintaining the status quo in this matter under Fed. R. Civ. P. 62(c) during the pendency of a possible appeal. (Dkt. No. 109). Having reviewed the parties' briefing on this matter and the file in this case, the Court DENIES Plaintiff's Motion to extend or restore the injunction in this matter.

    This case was filed in this Court on December 28, 2005, when Plaintiff Star Northwest sought a temporary restraining order to prevent the closure of the Kenmore Lanes bowling alley and cardroom pursuant to an ordinance enacted by the Kenmore City Council on December 19, 2005. After the temporary restraining order ("TRO") was granted to preserve the status quo on December 29, 2005, the parties sought several extensions of the TRO in order to conduct discovery and complete briefing on the preliminary injunction issue. The parties entered into a stipulated preliminary injunction to preserve the status quo during the pendency of this case, "until a final determination is made by this Court on the merits of the action, either by summary judgment or by trial." (Dkt. No. 64 at 1).

1  The Court has now issued orders addressing the merits of this case and dismissing the claims that were properly before the federal court. The remainder of the case has been remanded to state court. (Dkt. Nos. 94, 99, 103, & 115). The language of the parties' agreement only extends the preliminary injunction "until a final determination is made by *this* Court on the merits. . ." (Dkt. No. 64 at 1, emphasis added). The Court has rendered its decisions and disposed of this case. For this reason, the Court views the agreement between the parties as dissolved. Defendants' brief in opposition to Plaintiff's motion only bolsters this conclusion.

Likewise, the Court finds that an injunction during the pendency of any appeal in this case is not appropriate. The Court has determined that Defendants have a greater likelihood of success on the merits of this case and that the balance of hardships tips in Defendants' favor. The City is entitled to decide that it does not want gambling within its city limits and to enforce that decision. Additionally, the City's ordinance does not foreclose the use of Plaintiff's property for other lucrative, non-gambling purposes. Taking all of these factors into account, the Court must DENY Plaintiff's motion to restore the preliminary injunction in this matter during the pendency of any appeal in this case.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: September 18, 2006

Marsha J. Pechman
United States District Judge